UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 00-6198-CR-Hurley |
| Plaintiff, | : | NIGHT BOX FILED |
| v. | : | SEP 06 2000 |
| MAXIMILLIAN MATETICH, et al. | : | CLERK, USDC / SDFL / WPB |
| Defendants. | : | |

## MATETICH'S EMERGENCY MOTION FOR
## REVIEW OF HIS PRETRIAL DETENTION STATUS

Defendant Matetich has been granted a bail by Magistrate Judge O'Sullivan. The government has filed an "appeal" to Judge Hurley, see 18 U.S.C. § 3145(a), who stayed the bond without a hearing and is now out of the district on vacation through the end of the month. Because a defendant is entitled to have his pretrial detention status resolved "promptly," United States v. Fernandez-Alfonso, 813 F.2d 1571 (9th Cir. 1987) (holding that 30 days is too long), defendant Matetich is filing this motion requesting that another U.S. District Judge be assigned to this matter in Judge Hurley's absence.

### Procedural History

On August 18, 2000, defendant Matetich appeared before Magistrate Judge O'Sullivan for a pre-trial detention hearing.[1] After considering the pleading filed by the defense, taking testimony from witnesses, and hearing from counsel, Magistrate Judge

---

[1] Defendant is charged with conspiracy and distribution of ecstacy for which there is no mandatory minimum sentence. According to the docket sheet, his two co-defendants are out on personal surety bonds.

-1-

O'Sullivan entered an Order Denying Request for Pre-Trial Detention (attached as Exhibit A) and set bond.[2] The government requested and obtained a stay of the bond from Magistrate Judge O'Sullivan pending an "appeal" to the district court judge. See 18 U.S.C. § 3145(a).

At the government's request, Magistrate Judge O'Sullivan reopened the hearing on August 29, 2000. The government, defense and Magistrate Judge O'Sullivan examined the witnesses under oath, following which Magistrate Judge O'Sullivan entered and order (attached as Exhibit B) rejecting the government's renewed application for pretrial detention and persisting with his prior decision to admit defendant Matetich to bail.[3]

The government sought a stay of Mr. Matetich's release pending review before U.S. District Judge Hurley, the judge assigned to the case. On August 30, 2000, Judge Hurley entered a stay without a hearing. Because undersigned had been informed that Judge Hurley would be on pre-planned vacation as of noon on September 1, 2000 through the end of the month, undersigned immediately filed a "Motion to Dissolve the Stay" requesting that the stay be dissolved or, in the alternative, that the bail matter "be referred to another U.S. District Judge for prompt resolution as required by 18 U.S.C. § 3145 (a)."

By order signed September 1, 2000 and filed September 5, 2000, Judge Hurley

---

[2] The key conditions of the bond are as follows: (1) $500,000 personal surety bond and $100,000 corporate surety bond both cosigned by Marie Ange Caravano and Randal Sweers; (2) a signed waiver of extradition by the defendant; (3) electronic monitoring by Pretrial Services; and (4) a curfew from 9:00 p.m. until 7:00 a.m. with Ms. Caravano serving as a custodian and reporting any breaches of the curfew to Pretrial Services.

[3] Magistrate Judge O'Sullivan also found that the Nebbia requirement had been satisfied. The bond will be collateralized by the properties of Randal Sweers, the owner of a boat sales company in Dania, Florida, who testified at the hearing before Magistrate Judge O'Sullivan.

summarily denied defendant's Matetich's motion without reaching the merits of the government's "appeal" of Magistrate Judge O'Sullivan's bond order (attached as Exhibit C). Judge Hurley did not refer the bail matter to another district judge for resolution in his absence; presumably, Judge Hurley intends to review the bail matter upon his return from vacation in October, some three weeks from now.

### Memorandum of Law

The Local Rules of the Southern District of Florida provide that if a stay is entered, the Clerk is directed to obtain a recording of the hearing promptly so that an expedited transcript can be delivered to the District Judge within 48 hours of the hearing. Mag. J. Rule 4 (a) (2). Any review of a detention / bail decision should be resolved on an expedited basis, as the statute specifically requires that "[t]he motion shall be determined promptly." 18 U.S.C. § 3145 (a).

In the context of a case in which the magistrate judge had entered an order *denying* bail to a criminal defendant, the Ninth Circuit held that a 30-day delay between the defendant's motion for review of magistrate's detention order and district judge's hearing violated requirement under 18 U.S.C. § 3145 that motion be determined "promptly." *United States v. Fernandez-Alfonso*, 813 F.2d 1571 (9th Cir. 1987). The promptness requirement should be even more exacting in a case, like this one, in which the magistrate judge has *granted* bail to a defendant who remains detained merely because the district judge assigned to the case is unavailable to review the government's "appeal."

## Conclusion

Given Judge Hurley's unavailability due to his vacation schedule, defendant Matetich requests that the bail matter be assigned to another district judge for prompt resolution as required by 18 U.S.C. § 3145 (a). The transcripts are ready and the parties are available. Defendant Matetich has been in custody for more than 30 days despite a judicial finding – following two full-blown hearings – that he is entitled to be released. Judge Hurley's decision to preserve the *status quo* by entering a stay without a hearing should not result in the defendant's detention for another three weeks without a hearing.

After consultation with the Clerk's Office and other colleagues, undersigned has filed this motion as an "Emergency" under Local Rule 7.1.E to insure that this motion is considered by the court in Judge Hurley's absence.

Respectfully submitted,

**BLACK, SREBNICK & KORNSPAN, P.A.**
201 South Biscayne Boulevard, Suite 1300
Miami, Florida 33131
(305) 371-6421
(305) 358-2006

By _____
**HOWARD M. SREBNICK, ESQ.**
Florida Bar Number 919063
Attorney for Maximillian Matetich

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of this motion was furnished by fax (without attachments) and by mail (with attachments) to: **AUSA NANCY VORPE QUINLAN,** 500 Australian Avenue, Suite 400, West Palm Beach, FL 33401 on this _____ day of September, 2000.

By _____
**HOWARD M. SREBNICK, ESQ.**

```
         D.C.
  AUG 22 2000
```

AUG 23 2000

BLACK, SREDNI[...]
& KO[...]UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,          CASE NO. 00-6198-Hurley
                vs.                ORDER DENYING REQUEST FOR
                                   PRE-TRIAL DETENTION
MAXIMILLIAN MATETICH       /       Bond stayed to 5:00 PM
                                                8/21/00

THIS CAUSE came before the Court for a Pre-Trial Detention hearing. Upon consideration, it is

ORDERED AND ADJUDGED that the Government's request for Pre-Trial Detention is DENIED, bond is set at:

__✓__ Personal Surety, unsecured, in the amount of $ 500,000 Co-signed by girlfriend & Mr. S[...]

_____ Personal Surety in the amount of $ _____ with $ _____ posted with the Clerk of the Court.

__✓__ Full Cash in the amount of $ _____

__✓__ Corporate Surety in the amount of $ 100,000 Nebbia

In addition to the standard conditions of bond, the following special conditions are hereby imposed:
(✓) Surrender all travel documents to Pretrial Services Office.
(✓) Report to Pretrial Services _1_ times/week in person, _2_ times/week by phone.
(✓) Curfew imposed 7 days a week, from _9 PM_ to _7_ a.m.
( ) Defendant shall maintain present residence.
( ) Refrain from possessing a firearm, destructive device or other dangerous weapons.
( ) Maintain/actively seek full-time gainful employment or educational program.
( ) Defendant may travel to _____ in connection with charges pending in that District; otherwise, travel is restricted to SD/Fla.
(✓) Stay away from commercial transportation facilities or marinas.
(✓) Electronic monitoring; expenses to be paid by the defendant.
(✓) Comply with the following additional special conditions of this bond: Travel SDA FLA - Drug testing as required.

If bond is changed from that set in another District, the reason pursuant to Rule 40(f) is: _____

DONE AND ORDERED at Miami, Florida this 11th day of AUGUST 2000.
Tape No: 00A-07-328
c: U.S. Attorney - David Weinstein
   Defense Counsel - Howard
   U.S. Pretrial Services - Suzanne        UNITED STATES MAGISTRATE JUDGE
                                           JOHN J. O'SULLIVAN

Deft must sign waiver of extradition from Canada

EXHIBIT A



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 00-6198-CR-HURLEY

UNITED STATES OF AMERICA,

Plaintiff,

v.

MAXIMILLIAN C. MATETICH,

Defendant.



_____/

## ORDER

THIS MATTER is before the Court on the Government's Motion to Reopen Pretrial Detention and Motion for Nebbia Inquiry (DE#28, 8/23/00). Having heard argument and having reviewed the applicable pleadings and law, it is

ORDERED AND ADJUDGED, that the Government's Motion to Reopen Pretrial Detention and Motion for Nebbia Inquiry is GRANTED. Having heard evidence and testimony, the Court persists in its prior ruling and maintains the bond as it was previously set on August 18, 2000 (DE# 25).

It is further ORDERED AND ADJUDGED, that the Government's Motion for Nebbia Inquiry is GRANTED. The Court finds that the defendant has met all Nebbia conditions.

It is further ORDERED AND ADJUDGED, that pursuant to the government's request, the aforementioned bond is stayed until noon August 30, 2000.

DONE AND ORDERED, in Chambers, at Miami, Florida, this 30 day of August, 2000.

JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE



EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6198-CR-HURLEY/VITUNAC

UNITED STATES OF AMERICA,

    Plaintiff,

v.

MAXIMILLIAN MATETICH,

    Defendant.

_____:



FILED by ___ D.C.
SEP 5 2000
CARLOS JUENKE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

## ORDER DENYING MOTION TO DISSOLVE THE STAY

**THIS CAUSE** is before the court upon the defendant's motion to dissolve the stay [D.E. #47]. The court having reviewed the motion and being otherwise advised in the premises, it is,

**ORDERED** and **ADJUDGED** that defendant's motion is **Denied.**

**DONE** and **SIGNED** in Chambers at West Palm Beach, Florida, this 1st day of September, 2000.

                              Daniel T. K. Hurley
                              United States District Judge

copy furnished:

Howard Srebnick, Esq., 201 S Biscayne Blvd, Ste 1300, Miami, FL 33131
Nancy Vorpe Quinlana, Esq., AUSA, West Palm Beach, Florida 334

For updated court information, visit unofficial Web site
at http://sites.netscape.net/usctssodfla/homepage

EXHIBIT C