# BLACK, SREBNICK & KORNSPAN

A PROFESSIONAL ASSOCIATION

ROY BLACK
CATHERINE C. GRIEVE
SCOTT A. KORNSPAN
MARIA D. NEYRA
CHRISTINE M. NG
JACQUELINE PERCZEK*
HEIDI A. SCHULZ
MARK A.J. SHAPIRO
HOWARD M. SREBNICK†

SUITE 1300
201 SOUTH BISCAYNE BOULEVARD
MIAMI, FLORIDA 33131

TELEPHONE: (305) 371-6421
FACSIMILE:  (305) 358-2006

E-MAIL: *HSrebnick@black-law.com*

\* ALSO ADMITTED IN MASSACHUSETTS
† ALSO ADMITTED IN CALIFORNIA

September 11, 2000

<u>Via Fax: 404-335-6162</u>
Clerk of Court, Eleventh Circuit
United States Court of Appeals
attention: Sharon Evans
56 Forsyth Street, NW
Atlanta, GA 30303

Re:   USA v. Matetich, District Court No. 00-6198-Cr-Hurley

Dear Ms. Evans:

As per our conversation, I am transmitting a copy of "Matetich's Emergency Motion for Pretrial Release or for a Writ of Mandamus" without the exhibits and a Certificate of Interested Persons.  I am sending you the originals and all of the exhibits (transcripts, pleadings and orders from the district court) by overnight mail, which you should receive tomorrow morning.

As the motion explains, Magistrate Judge O'Sullivan granted the defendant a bond, but the district judge assigned to the case, U.S. District Judge Hurley, stayed the defendant's release without a hearing and is out-of-the district on vacation until the end of the month.  In an effort to have another district judge assigned to handle the bail matter in Judge Hurley's absence, I filed an emergency motion in the district court (file stamped September 6, 2000).  Two deputy clerks from the U.S. District Court in West Palm Beach advised my office this morning that the emergency motion is in Judge Hurley's chambers and that no other judge has been assigned to the matter as of yet.  As of 2 p.m. today, no action had been taken on the motion by the district court.  Thus, I am filing this motion as an "emergency" pursuant to Rule 9, Fed.R.App.P. and 11th Cir. R. 27-1(b) because the defendant remains in custody without any action by the district court.



Clerk, Eleventh Circuit
September 11, 2000
Page 2

If there is anything more that I must do to perfect this motion, please advise. Thank you for your attention to this case.

Yours faithfully,

Howard M. Srebnick

encl.

cc:    AUSA Nancy Vorpe Quinlan (by fax)
       Clerk's Office, U.S.District Court

UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

UNITED STATES OF AMERICA,       :     Case No. _____

     Plaintiff / Respondent,       :     District Court No. 00-6198-CR-Hurley

          v.                 :

MAXIMILLIAN MATETICH,      :

     Defendant / Movant.        :
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . :

## MATETICH'S EMERGENCY MOTION FOR
## PRETRIAL RELEASE OR FOR A WRIT OF MANDAMUS

Defendant Maximillian Matetich twice appeared before U.S. Magistrate Judge John

O'Sullivan for a hearing on the government's application for pretrial detention. At the first

hearing, Magistrate Judge O'Sullivan denied the government's application and set a bond.

Upon rehearing, Magistrate Judge O'Sullivan reaffirmed his own ruling.

The government filed an "appeal" of the release order with the district court. *See*

18 U.S.C. § 3145(a). U.S. District Judge Daniel T.K. Hurley, the judge assigned to the

criminal case, stayed the defendant's release without a hearing or written findings pending

review of Magistrate Judge O'Sullivan's release order.

Judge Hurley is presently out of the district on a pre-planned vacation through the

end of the month. Defendant Matetich has filed an "Emergency Motion For Review of His

Pretrial Detention Status" with the district court, requesting that "the bail matter be assigned

to another district judge for prompt resolution as required by 18 U.S.C. § 3145 (a)." The

district court has not acted on that emergency motion. Thus, defendant Matetich has been

granted a bond by the magistrate judge yet remains in custody based upon Judge Hurley's stay order without any judicial findings to support pretrial detention. Absent action by this court, it appears that defendant Matetich will remain detained without a hearing until Judge Hurley returns from vacation at the end of this month.

Because a defendant is entitled to have his pretrial detention status resolved "promptly," *United States v. Fernandez-Alfonso*, 813 F.2d 1571 (9th Cir. 1987) (holding that 30 days is too long), defendant Matetich moves this court pursuant to Rule 9, Fed.R.App.P., for his immediate release or, in the alternative, for an immediate review of his detention status by either the district court or the court of appeals.

## Procedural History

Maximillian Matetich, a citizen of Canada, is charged by way of indictment with conspiracy and distribution of ecstasy. Although no mandatory minimum sentence applies, the defendant faces a statutory maximum sentence of 20 years on each count. The offense does not involve any weapons or acts of violence. When defendant Matetich made his initial appearance in the Southern District of Florida on July 26, 2000, the government sought pretrial detention, and a detention hearing was scheduled for July 31, 2000. The defendant remained in custody under a "temporary detention" order.

Undersigned counsel entered an appearance on behalf of the defendant on July 31, 2000, and requested a continuance of the detention hearing until August 3, 2000, to prepare. On August 3, 2000, defendant Matetich, through undersigned counsel, advised the court that the witnesses who could support a bail application, several of whom reside in Canada, were not available until a later date. Without objection, the magistrate judge

-2-

ordered that defendant Matetich remain detained without a hearing and scheduled arraignment and any hearing regarding bail for August 18, 2000.

On August 17, 2000, defendant Matetich filed a written motion for bond setting forth his background and identifying friends who would support his application for bail (attached as Exhibit A).[1]  Five friends, including three who had flown in from Canada, appeared in court the next day for a pretrial detention hearing.  After taking testimony and hearing from counsel (transcript attached as Exhibit B), U.S. Magistrate Judge John O'Sullivan entered an Order Denying Request for Pre-Trial Detention and set bond (attached as Exhibit C).[2]  Magistrate Judge O'Sullivan stayed the defendant's release to give the government an opportunity to seek review of the release order by the district judge assigned to the criminal case. _See_ 18 U.S.C. § 3145(a).

At the government's request, Magistrate Judge O'Sullivan reopened the hearing on August 29, 2000.  At the re-hearing, the government, defense, and Magistrate Judge O'Sullivan examined two witnesses under oath (transcript attached as Exhibit D), following which Magistrate Judge O'Sullivan entered an order (attached as Exhibit E) rejecting the government's renewed application for pretrial detention and persisting with his prior decision to admit defendant Matetich to bail.  Magistrate Judge O'Sullivan also found that

---

[1]  Mr. Matetich is an orphan with no siblings and thus no immediate family.

[2] The key conditions of the bond are as follows: (1) $500,000 personal surety bond and $100,000 corporate surety bond both cosigned by Marie Ange Caravano and Randal Sweers; (2) a signed waiver of extradition by the defendant; (3) electronic monitoring by Pretrial Services; and (4) a curfew from 9:00 p.m. until 7:00 a.m. with Ms. Caravano serving as a custodian and reporting any breaches of the curfew to Pretrial Services.

BLACK, SREBNICK & KORNSPAN, P.A., 201 S. BISCAYNE BLVD., SUITE 1300, MIAMI, FL 33131• (305) 371-6421

the *Nebbia* requirement had been satisfied.[3]  Magistrate Judge O'Sullivan stayed the defendant's release until 12 noon the next day to give the government an opportunity to seek review with Judge Hurley.

The government moved for a stay, and on August 30, 2000, Judge Hurley entered a stay without a hearing (attached as Exhibit F).  Undersigned learned that Judge Hurley would be leaving the district on a pre-planned vacation as of noon on September 1, 2000 through the end of the month.  Accordingly, defendant Matetich filed a "Motion to Dissolve the Stay" on August 31, 2000 (attached as Exhibit G), requesting that the stay be dissolved or, in the alternative, that the bail matter "be referred to another U.S. District Judge for prompt resolution as required by 18 U.S.C. § 3145 (a)."

By order signed September 1, 2000 and filed September 5, 2000  (attached as Exhibit H), Judge Hurley summarily denied defendant's Matetich's motion without reaching the merits of the government's "appeal" of Magistrate Judge O'Sullivan's bond order. Judge Hurley did not refer the bail matter to another district judge for resolution in his absence; presumably, Judge Hurley intends to review the bail matter upon his return from vacation at the end of the month.

On September 6, 2000, defendant Matetich filed an "Emergency Motion For Review of His Pretrial Detention Status" with the district court (attached as Exhibit I), requesting that "the bail matter be assigned to another district judge for prompt resolution as required by 18 U.S.C. § 3145 (a)."  As of the filing of this motion, the district court has not acted on that emergency motion.  Undersigned was advised today by two deputy clerks that the

---

[3] The bond will be collateralized by the properties of Randal Sweers, the owner of a boat sales company in Dania, Florida, who testified at the hearing before Magistrate Judge O'Sullivan.

-4-

motion is in Judge Hurley's chambers and no other district judge has been assigned to handle the matter. Undersigned has also been advised that Judge Hurley is not expected to return from vacation until Friday, September 29, 2000.

## Memorandum of Law

Review of a detention / bail decision should be resolved on an expedited basis, as the statute specifically requires that "[t]he motion shall be determined promptly." 18 U.S.C. § 3145 (a). In the context of a case in which the magistrate judge had entered an order *denying* bail to a criminal defendant, the Ninth Circuit held that a 30-day delay between the defendant's motion for review of a magistrate's detention order and the district judge's hearing violated the requirement under 18 U.S.C. § 3145 that motion be determined "promptly." *United States v. Fernandez-Alfonso*, 813 F.2d 1571 (9th Cir. 1987). When a magistrate judge has *granted* bail to a defendant, as in defendant Matetich's case, we submit that it is even more imperative that the court "promptly" review the defendant's detention status.

18 U.S.C. § 3142 requires that the magistrate judge conduct a bail hearing "immediately upon the person's first appearance:"

> Congress was unwilling to entrust to the magistrates, or the trial courts, or to the appellate bench, the ability on a judge's own motion to manipulate the statute so as to "order[ ] the defendant temporarily detained and then [to] hold[ ] the key 'detention' hearing at some much later time." United States v. Angiulo, 755 F.2d 969, 972 (1st Cir.1985); accord, United States v. Alatishe, 768 F.2d 364, 369 (D.C.Cir.1985) ("To permit the judicial officer to postpone a detention hearing, while the defendant remains detained, places an unfair burden on the parties to object to such a continuance and undermines the purpose of the immediacy requirement.").

\* \* \*

there is ample evidence to suggest that Congress was greatly concerned

-5-

with minimizing delay in the resolution of these questions.    The statute
provides that the hearing should be held "immediately" and the legislative
history is replete with references to the need to decide expeditiously whether
an accused shall be deprived of his freedom pending trial.

*United States v. Hurtado*, 779 F.2d 1467, 1474-77 (11th Cir. 1985).

The decision to detain a presumptively innocent defendant pretrial must be

supported by written findings.  18 U.S.C. § 3142(i)(1).  Indeed, even after the magistrate

judge has màde written findings supporting the *detention* of a defendant, the district judge

reviewing the magistrate judge's order must undertake an independent review and "enter

its own findings in writing, and set forth the reasons supporting its decision, making

provisions as set forth in subsection (i)(1) through (4)"

> *** Rule 9(a) of the Rules of Appellate Procedure requires that, if a district
> court refuses pretrial release, it "shall state in writing the reasons for the
> action taken."  Since magistrates traditionally play a preliminary role in these
> determinations, the fact that the Rule clearly requires additional written
> findings by "the district court" suggests that an independent review is
> required.

*Id.* at 1480-81.

*Hurtado* teaches that a prerequisite for pretrial detention is an immediate hearing

followed by written findings supporting the decision to deny the defendant bail.  In

Matetich's case, the only written findings entered by a judicial officer are Magistrate Judge

O'Sullivan's findings in support of Matetich's *release*.  At both hearings, witnesses testified

in support of Matetich's bail application, and Magistrate Judge O'Sullivan credited the

witnesses and determined that defendant Matetich should be released on bail.  His

findings, particularly after hearing from the witnesses *twice*, should be given great

deference. *Cf. Hurtado*, 779 F.2d at 1482 (Fay, J., concurring) ("Whenever the issues

presented to courts are intertwined with the credibility of witnesses and the evaluation of

the weight to be given testimony, appellate courts should give great deference to those judicial officers 'on the scene.' The standard we articulate to do that is 'clearly erroneous.'").

Neither Judge Hurley nor any other district judge has made findings that support defendant Matetich's continued detention. Defendant Matetich remains in custody – and unless this court intervenes, will likely remain detained until the end of the month – notwithstanding a judicial finding that he is entitled to bail. Magistrate Judge O'Sullivan's release order has been trumped by a "stay" order entered by the district judge without a hearing and without written findings. The statutory scheme does not contemplate a defendant's detention for several weeks based upon a one line stay order.

> From this, it follows that the order entered by the district court below was inadequate. Its order of October 31, 1985, is but one sentence ratifying the findings of the magistrate. There was no independent fact finding and no clue as to that court's reasoning in reaching the conclusion that the petitioners should be detained. The order does not even address the statutory requirements set forth at Section 3142(i)(2) through (4). This terse order makes it impossible for this Court to fulfill its responsibility to review this decision consistent with our holding in Section II, supra. This was reversible error.

*Hurtado*, 779 F.2d at 1481.

Nor does the statute contemplate that a defendant, particularly one who has been *granted* a bond by the magistrate judge, be detained for an extended period of time in deference to a district judge's vacation schedule. *Cf. Hurtado*, 779 F.2d at 1481 ("The liberty interests of the individual who has yet to be tried should not be subordinated to scheduling problems of counsel or the court."). At this early stage of the case, another district judge is equally capable of reviewing the magistrate judge's release order in the absence of the district judge assigned to the defendant's case. Insofar as a defendant who

-7-

has been deemed a flight risk and ordered detained by a magistrate judge is entitled to a

prompt review, *e.g.* *United States v. Fernandez-Alfonso*, 813 F.2d 1571 (9th Cir. 1987),

surely a defendant who has been granted a bond by the magistrate judge is entitled to

have that release order either enforced or reviewed just as, if not more, promptly.

## Emergency Motion 11th Cir. R. 27-1(b)

This motion is styled as an "emergency motion" pursuant to 11th Cir. R. 27-1(b)

because unnecessary incarceration is precisely the kind of "irreparable injury" that warrants

immediate action by this court. *See e.g.* *United States v. Medina*, 775 F.2d 1398 (11th Cir.

1985) (motion seeking review of pretrial detention order filed as an "emergency motion").

Given the explicit requirement under the statute and case law that bail matters be resolved

"promptly," coupled with Magistrate Judge O'Sullivan's findings in favor of the defendant's

release, there is a "likelihood the moving party will prevail on the merits." *See* 11th Cir. R.

27-1(b)(1)(i).   No judge has found that defendant Matetich poses a danger to the

community, so there is no identifiable "harm to other parties if relief is granted." 11th Cir.

R. 27-1(b)(1)(iii).  Finally, as to the "public interest," 11th Cir. R. 27-1(b)(1)(iv),

> Congress considered how much time was needed to prepare for and to
> contest the relatively simple issues raised at such hearings.   It determined
> that the government could have up to three days and that the defendant
> could have no more than five.  Congress could have made this requirement
> elastic, permitting such delays as are reasonable and necessary, had it so
> chosen;  it did not.  It delimited the process as part of a plan to effectuate a
> larger purpose: the difficult balancing of a public interest in detaining certain
> types of suspected offenders as against the private interest in remaining at
> liberty until proven guilty.

*Hurtado*, 779 F.2d at 1474-75.  Thus, Congress has already determined that defendant

Matetich's right to be promptly released pretrial on a reasonable bond outweighs any

-8-

perceived "public interest" in detaining him, particularly in the absence of *any* judicial

findings that he poses a risk of flight or danger to the community.

### Conclusion

Pursuant to Rule 9, Fed.R.App.P., defendant Matetich moves this court to order his

release.

In the alternative, defendant Matetich requests the bail matter be reviewed by this

court for prompt resolution as required by 18 U.S.C. § 3145 (a). The transcripts are ready

and the parties are available. Defendant Matetich has been in custody for more than 30

days despite a judicial finding – following two full-blown hearings – that he is entitled to be

released. Judge Hurley's decision to preserve the *status quo* by entering a stay without

a hearing should not result in the defendant's detention for another three weeks without

a hearing.

As a final alternative, defendant Matetich petitions this court for a writ of mandamus

directing the district court to assign another district judge to review the bail matter in Judge

Hurley's absence.

Respectfully submitted,

**BLACK, SREBNICK & KORNSPAN, P.A.**
201 South Biscayne Boulevard, Suite 1300
Miami, Florida 33131
Phone:  (305) 371-6421
Fax:    (305) 358-2006

By _____
**HOWARD M. SREBNICK, ESQ.**
Florida Bar Number 919063
Attorney for Maximillian Matetich

-9-

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of this motion was furnished by fax (without attachments) and by mail (with attachments) to: **AUSA NANCY VORPE QUINLAN,** 500 Australian Avenue , Suite 400, West Palm Beach, FL 33401 on this 11th day of September, 2000.

By

**HOWARD M. SREBNICK, ESQ.**

-10-

BLACK, SREBNICK & KORNSPAN, P.A., 201 S. BISCAYNE BLVD., SUITE 1300, MIAMI, FL 33131* (305) 371-6421

UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

UNITED STATES OF AMERICA,  :    Case No. _____

    Plaintiff / Respondent,  :    District Court No. 00-6198-CR-Hurley

           v.  :

MAXIMILLIAN MATETICH,  :

    Defendant / Movant.  :

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . :

## <u>MATETICH'S CERTIFICATE OF INTERESTED PERSONS</u>

Defendant Maximillian Matetich is filing an emergency motion with this court. Pursuant to 11th Cir. R. 26-1.1, undersigned is advising the court that the following individuals and/or corporations may have an interest in the outcome of this case:

| | |
|---|---|
| Roberto Bryan | DEA Agent |
| Marie Ange Caravano | surety on defendant's bail |
| Hon. Daniel T.K. Hurley | U.S. District Judge |
| Maximillian Charles Matetich | defendant |
| Chris Mathes | DEA Agent |
| Hon. John O'Sullivan | U.S. Magistrate Judge |
| AUSA Nancy Vorpe Quinlan | counsel for the government |
| Howard M. Srebnick of<br>Black Srebnick & Kornspan, P.A. | counsel for the defendant |
| Randal Sweers<br>d/b/a Florida Powerboat Brokerage, Inc. | surety on defendant's bail |

-1-

Respectfully submitted,

**BLACK, SREBNICK & KORNSPAN, P.A.**
201 South Biscayne Boulevard, Suite 1300
Miami, Florida 33131
Phone: (305) 371-6421
Fax:    (305) 358-2006

By _____

**HOWARD M. SREBNICK, ESQ.**
Florida Bar Number 919063
Attorney for Maximillian Matetich

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of this motion was furnished by fax (without attachments) and by mail (with attachments) to: **AUSA NANCY VORPE QUINLAN,** 500 Australian Avenue , Suite 400, West Palm Beach, FL 33401 on this 11th day of September, 2000.

By _____

**HOWARD M. SREBNICK, ESQ.**

-2-