UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
NORTHERN DIVISION

CASE NO. 00-6198-CR-HURLEY

UNITED STATES OF AMERICA )
)
           Plaintiff, )
)
v. )
)
MAXMILLIAN C. MATETICH, )
)
           Defendant. )
                            )



**GOVERNMENT'S RESPONSE TO
STANDING DISCOVERY ORDER**

    The United States hereby files this response to the Standing Discovery Order. This response also complies with Local Rule 88.10 and Federal Rule of Criminal Procedure 16, and is numbered to correspond with Local Rule 88.10.

    A.    1.    The government is unaware of any written or recorded statements made by the defendant(s).

    (There were consentual recordings made in this case. Copies can be obtained by providing 8 blank cassette tapes at the discovery conference set for Thursday, September 21, at 11:00 At DEA in West Palm Beach, Florida. These tapes will be used for copying and then returned forthwith.



2. The government is aware of any oral statements made by the defendant before or after arrest in response to interrogation by any person then known to the defendant to be a government agent that the government intends to use at trial. That portion of the written record containing the substance of any oral statement made by the defendant before or after arrest in response to interrogation by any person then known to the defendant to be a government agent is attached.

3. No defendant testified before the Grand Jury.

4. The NCIC record of the defendant, if any exists, will be made available upon receipt by this office. No such record has been located at this time.

5. Books, papers, documents, photographs, tangible objects, buildings or places which the government intends to use as evidence at trial to prove its case in chief, or were obtained or belonging to the defendant may be inspected at a mutually convenient time at the Office of DEA in West Palm Beach, on Thursday, September 21, 2000 at 11:00 am. Please call the undersigned if a conflict with this date

  develops.

  The attachments to this discovery response are not necessarily copies of all the books, papers, documents, etc., that the government may intend to introduce at trial. Some of the evidence in the government's possession: Ecstasy pills; packaging for ecstasy pills with mailing labels and packing materials; passport; address - telephone books; ledger notebook reflecting transactions consistent with ecstasy sales; miscellaneous items from the defendant's luggage; photographs; cassette tapes containing statements of the defendant; Western Union Wire transfer receipts indicating the transfer of funds to Amsterdam. The ecstasy pills and packaging are presently at the Southeast Regional Laboratory.

6. There were no physical or mental examinations or scientific tests or experiments made in connection with this case. Except that a laboratory analysis of the substances seized in connection with this case was performed and those reports are attached hereto.

B. DEMAND FOR RECIPROCAL DISCOVERY: The United States

3

requests the disclosure and production of materials enumerated as items 1, 2 and 3 of Section B of the Standing Discovery Order. This request is also made pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure.

C. The government will disclose any information or material which may be favorable on the issues of guilt or punishment within the scope of <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), and <u>United States v. Agurs</u>, 427 U.S. 97 (1976). No such information is known at this time.

D. The government will disclose any payments, promises of immunity, leniency, preferential treatment, or other inducements made to prospective government witnesses, within the scope of <u>Giglio v. United States</u>, 405 U.S. 150 (1972), or <u>Napue v. Illinois</u>, 360 U.S. 264 (1959). There are two cooperating witnesses in this case. Disclosures pursuant to this paragraph will be made to you at the discovery conference on Thursday, September 21, 2000. There are no plea agreements with either cooperating witness at this time. One cooperating witness has received the standard proffer letter from the U.S. Attorney's Office.

E.  The government will disclose any prior convictions of any alleged co-conspirator, accomplice or informant who will testify for the government at trial at the discovery conference.

F.  No defendant was identified in a lineup, show up, photo spread or similar identification proceedings.

G.  The government has advised its agents and officers involved in this case to preserve all rough notes.

H.  The government will timely advise the defendant of its intent, if any, to introduce during its case in chief proof of evidence pursuant to F.R.E. 404(b). You are hereby on notice that all evidence made available to you for inspection, as well as all statements disclosed herein or in any future discovery letter, may be offered in the trial of this cause, under F.R.E. 404(b) or otherwise (including the inextricably-intertwined doctrine).

I.  The defendant is not an aggrieved person, as defined in Title 18, United States Code, Section 2510(11), of any electronic surveillance.

J.  The government has ordered transcribed the Grand

Jury testimony of all witnesses who will testify for the government at the trial of this cause.

K.  The government will, upon defense request, deliver to any laboratory presently registered with the Attorney General in compliance with 21 U.S.C. § 822 and § 823 and 21 C.F.R. 1301.13, a sufficient representative sample of any alleged contraband which is the subject of this indictment to allow independent chemical analysis of such sample.

If there is no response within ten (10) days from the date of the Certificate of Service attached hereto, the bulk of the contraband/narcotics will be destroyed. As usual, random samples will be set aside to be used as evidence at trial.

L.  The government does not know of any automobile, vessel, or aircraft allegedly used in the commission of this offense that is in the government's possession.

M.  The government is not aware of any latent fingerprints or palm prints which have been identified by a government expert as those of the defendant.

6

N.  To date, the government has not received a request for disclosure of the subject-matter of expert testimony that the government reasonably expects to offer at trial. However, the government intends to offer the expert testimony as follows: an expert in the field of chemical analysis / narcotics-trafficking [methods] [terminology] and [market price]. The experts' curriculum vitae will be provided to you at a later date. Having made this disclosure, the government hereby demands a written summary of expert testimony that the defense reasonably expects to offer at trial pursuant to Rules 702, 703 or 705 of the Federal Rules of Evidence, describing the witnesses' opinions, the bases and the reasons for those opinions, and the witnesses' qualifications.

O.  The government will make every possible effort in good faith to stipulate to all facts or points of law the truth and existence of which is not contested and the early resolution of which will expedite trial. These stipulations will be discussed at the discovery conference.

P.  At the discovery conference scheduled in Section A.5, above, the government will seek written

7

stipulations to agreed facts in this case, to be signed by the defendant and defense counsel.

The government is aware of its continuing duty to disclose such newly discovered additional information required by the Standing Discovery Order, Rule 16(c) of the Federal Rules of Criminal Procedure, <u>Brady</u>, <u>Giglio</u>, <u>Napue</u>, and the obligation to assure a fair trial. The government requests notice of any alibi defense.

The attachments to this response are numbered pages 1-19. Please contact the undersigned Assistant United States Attorney if any pages are missing.

                                    Respectfully submitted,

                                    GUY A. LEWIS
                                    UNITED STATES ATTORNEY

                        By:         _____
                                    Nancy Vorpe Quinlan
                                    Assistant United States Attorney
                                    Florida Bar No. 0593532
                                    500 Australian Ave
                                    West Palm Beach, FL 33401
                                    Tel: (561) 820-8711
                                    Fax: (561) 820-8777

cc:  Special Agent Roberto Bryan,
     Special Agent Chris Mathes,
     DEA

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was delivered by hand ~~United States mail~~ this September 21st, 2000 to: ~~Howard M. Srebnick~~, Esq., 201 South Biscayne boulevard, Suite 1300,

*Heidi Schultz*

Miami, Fl 33131.

*(signature)*
NANCY VORPE QUINLAN
Assistant United States Attorney

9